# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD GILBERG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| METLIFE, INC., *et al.*, | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | Civil Case No. 09-1826 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., d/b/a U.S. Trust | ) | |
| Bank of America Private Wealth Management, | ) | |
| as successor in interest to U.S. Trust Company, | ) | |
| N.A., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION
(August 24 2010) [#20]

Plaintiffs Donald Gilberg and Donna Gilberg, together with their children, (the "Gilbergs") bring this action against MetLife, Inc. ("MetLife"), New England Life Insurance Company ("New England"), and Patrick M. Dunn (collectively, the "defendants") for damages related to lapse of a life insurance policy. Defendant filed a third-party complaint against Bank of America, N.A., d/b/a U.S. Trust Bank of America Private Wealth Management, as successor in interest to U.S. Trust Company, N.A. ("U.S. Trust"). Before the Court is U.S. Trust's Motion to Dismiss the third-party complaint. For the following reasons, U.S. Trust's Motion to Dismiss is GRANTED.

# BACKGROUND

In 1999, the law firm of Gilberg and Kiernan purchased a $1.4 million term life insurance policy ("the Policy") on the life of Donald Gilberg. Third-Party Compl. ¶ 4. Subsequently, ownership of the Policy was transferred to Gilberg. *Id.* On or about September 19, 2006, the Policy permanently lapsed. *Id.* ¶ 13.

On August 6, 2009, the plaintiffs filed their Complaint in Superior Court for damages relating to the lapse of the Policy. *See* Pls.' Compl. Ex. A.[1] The Complaint alleged breach of contract, breach of fiduciary duty, fraudulent misrepresentation, bad faith, and violation of the D.C. Consumer Protection statute. *Id.* In a separate, prior litigation commenced in November 2006, the Gilbergs had sued both U.S. Trust and MetLife and asserted similar claims. Third-Party Compl. ¶ 14. U.S. Trust and the Gilbergs settled those claims, and the Gilbergs subsequently dismissed with prejudice their claims against U.S. Trust in that prior litigation. *Id.*

On September 24, 2009, defendants removed the instant action to this Court. On October 16, 2009, defendants filed a third-party complaint against U.S. Trust, seeking to hold U.S. Trust liable for the Gilbergs' alleged damages, should defendants be found liable, based on common law indemnification and contribution theories. *See* Third-Party Compl. at 6-7. U.S. Trust filed its motion to dismiss on February 11, 2010.

---

[1] A court may consider documents incorporated into a complaint by reference and matters of which a court may take judicial notice without converting a motion to dismiss into one for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## ANALYSIS

U.S. Trust moves to dismiss the third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss shall be granted if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (stating that if a court has determined that a plaintiff has asserted "well-pleaded factual allegations," the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). Unfortunately for the defendants, even taking as true all of the allegations in the third-party complaint, their claim against U.S. Trust must be dismissed.

The parties agree that under D.C. law, if a verdict is obtained against a non-settling tortfeasor and it is also determined that the settling tortfeasor should contribute, the non-settling tortfeasor is liable only for one-half of the verdict, i.e., a *pro rata* portion of the judgment. *Martello v. Hawley*, 300 F.2d 721, 724 (D.C. Cir. 1962). This is because "by his settlement, the plaintiff has sold one-half of his claim for damages. Anything else would be unfair to the settling tortfeasor who has bought his peace, and unfair to the defendant tort[ ]feasor, who should not be disadvantaged by a settlement to which he was not a party and to which he did not consent." *Id.* In the alternative, if the fact-finder

3

renders a verdict for the plaintiff but does not find that the settling defendant contributed to the plaintiff's loss, or the settling defendant's liability is undetermined, the non-settling defendant is entitled to the benefit of the settlement dollar-for-dollar, i.e., a *pro tanto* credit. *See Washington v. Washington Hosp. Ctr.*, 579 A.2d 177, 187-88 (D.C. 1990).

The parties dispute, however, whether the defendants must maintain a third-party claim against U.S. Trust to remain entitled to a *pro rata* credit, should it later be determined that the defendants are liable to the Gilbergs. Defendants argue that under D.C. law, if a defendant fails to assert a cross-claim or third-party claim, he or she can lose eligibility for a *pro rata* credit. U.S. Trust counters that the D.C. Court of Appeals has recognized that a non-settling defendant can safeguard its contributing claim against settling joint defendants by requesting a determination of the settling defendants' liability through a special jury verdict. I agree with U.S. Trust.

It is unnecessary to keep U.S. Trust, having settled with the Gilbergs, involved in this litigation. Indeed, the D.C. Court of Appeals has recognized that a defendant can safeguard a claim for *pro rata* credit "by asserting a cross-claim for contribution, as did the non-settling defendants in *Martello*, or an *equivalent request* for a determination by the jury of the settling defendants' negligence." *Washington*, 579 A.2d at 188 (emphasis added); *see also Farmer v. Mount Vernon Realty, Inc.*, 720 F. Supp. 223, 225 (D.D.C. 1989) (stating that liability of a co-defendant "may be decided by the Court without the necessity of bring . . . a settling party[] back into the case"); *Koonce v. Merit Oil Co.*, No.

89-2977, 1991 U.S. Dist. LEXIS 12508, at *10 (D.D.C. June 3, 1991) (stating same). To find to the contrary and "permit nonsettling defendants to bring settling defendants back into the case would seriously undermine the incentive of parties to settle their claims." *Farmer*, 720 F. Supp. at 225. The same analysis applies to a claim for indemnity. *See Rose v. Associated Anesthesiologists*, 501 F.2d 806, 810 (D.C. Cir. 1974); *Koonce*, No. 89-2977, 1991 U.S. Dist. LEXIS 12508, at *10. Therefore, it is both consistent with D.C. law and in keeping with the public policy favoring efficient settlement of claims to find that U.S. Trust is immune from suit. To find otherwise would, in fact, prejudice U.S. Trust, which has already "bought its peace" with the Gilbergs. *See Martello*, 300 F.2d at 724.

Furthermore, the dismissal of the defendants' third-party complaint does not prejudice any of the remaining parties. As discussed above, defendants may request a determination by the jury or this Court of U.S. Trust's liability, thus allowing it to seek a *pro rata* credit against any potential judgment. In the event that U.S. Trust were found not to be liable, the defendants would be entitled to a *pro tanto* credit. Thus, the defendants' potential liability is not affected by the dismissal of the third-party complaint. In addition, with the defendants having raised the issue at this stage, the Gilbergs are now on notice that the defendants may seek a *pro rata* credit against any judgment rendered against them. Therefore, the Gilbergs cannot be said to be prejudiced by the dismissal of the third-party complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS U.S. Trust's Motion To Dismiss and DISMISSES the defendants' Third-Party Complaint. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge